■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VASQUEZ, Appellant. [604 NYS2d 162] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered October 24, 1991, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's motion to suppress an inculpatory statement that he made to Sergeant O'Toole after being arrested but before being advised of his *Miranda* rights. O'Toole observed the defendant in a holding cell sweating profusely with his head down. The County Court found that out of concern that the defendant might need medical attention, O'Toole asked him: "What's the matter?" The defendant replied: "I steal cars most of the time. I usually don't do burglaries. I had a bad night". That the defendant was asked a question by a police officer, does not necessarily compel a finding that his response was the product of a custodial interrogation *(see, People v DeJesus,* 192 AD2d 546). The test is whether an objective observer with the same knowledge concerning the suspect as that of the police officer would conclude that the remark or conduct of the police was reasonably likely to elicit an incriminating response *(Rhode Is. v Innis,* 446 US 291; *People v Huffman,* 41 NY2d 29). Here, an objective observer would not conclude that O'Toole's query would elicit an incriminating response. Accordingly, we accept the County Court's finding that the statement was spontaneous and thus, it was properly admitted at trial.

Moreover, we reject the defendant's claim that the prosecutor committed reversible error by making prejudicial statements in summation. We note that the remarks challenged on appeal were not objected to at trial and any errors with respect thereto are thus unpreserved for appellate review. We decline to reach them in the exercise of our interest of justice jurisdiction *(see,* CPL 470.05 [2]). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.